# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LEA McCASTLE,<br><br>                    Plaintiff,<br><br>vs.<br><br>DIRECT RECOVERY SERVICES, LLC,<br><br>                    Defendant. | Case No.:  2:22-cv-00613-APG-DJA<br><br>**Order Granting, in Part, Motion for Default Judgment**<br><br>[ECF No. 8] |

Plaintiff Lea McCastle moves for default judgment against defendant Direct Recovery Services, LLC. ECF No. 8.  Default has been entered. ECF No. 7.  The motion satisfies the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).  I thus find good cause to enter default judgment.  Based upon the affidavit submitted in support of the motion, I will award McCastle $2,500 in actual damages.  I will also award $500 in statutory damages under 15 U.S.C. § 1692k(a), based upon the single voice mail left at McCastle's workplace.

McCastle also seeks $6,750.00 in attorney's fees. ECF No. 8.  Attorney fees are recoverable under 15 U.S.C. § 1692k(a)(3).  Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See also Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (applying *Hensley*).  I must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433.  I then decide whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.  Once calculated, the lodestar is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted).

Based on the affidavit and billing records submitted by McCastle's attorney, the lodestar amount is $6,750.00.  I see no reason to adjust that under the *Kerr* factors.  I will award fees of $6,750.00.

McCastle also requests $617.80 in costs incurred for service of process and the filing fee. ECF No. 8 at 7-8.  However, those costs are not reimbursable through a motion for attorney's fees and costs.  Filing fees and service of process expenses are taxable costs. *See* 28 U.S.C. § 1920(1).  Taxable costs are taxed by the clerk rather than the Court. Fed. R. Civ. P. 54(d)(1); LR 54-1.  To request taxable costs, the prevailing party must file a bill of costs with the clerk. LR 54-1.  Thus, I deny without prejudice the portion of McCastle's motion requesting reimbursement for filing fees and service of process expenses.

I THEREFORE ORDER that plaintiff Lea McCastle's motion for default judgment **(ECF No. 8) is GRANTED in part**.  The clerk of the court is directed to enter default judgment in

1 favor of plaintiff Lea McCastle and against defendant Direct Recovery Services, LLC in the

2 amount of $9,750.00 ($3,000.00 in damages and $6,750.00 in attorney's fees).

3      DATED this 31st day of October, 2022.

4

5 _____

6 ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23